IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN PELTER,<br>Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. |
| | : | |
| LEHIGH UNIVERSITY,<br>Defendant. | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |

## COMPLAINT

## I. PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Jonathan Pelter (hereinafter "Plaintiff"). Plaintiff was an employee of Defendant Lehigh University (hereinafter "Lehigh"), who has been harmed by disability-based discrimination, and retaliatory practices as well as other improper conduct by Lehigh and its agents, servants, and representatives.

This action is brought under the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et seq.*, the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and Pennsylvania common law.

## II. JURISDICTION AND VENUE

1. The original jurisdiction and venue of this Court is invoked in this District pursuant to Title 42 U.S.C. §2000e-5(f), 28 U.S.C. §1331 and 1391, 2201, 2202, 1343 and the claim is substantively based on the ADA, as amended, 42 U.S.C. §12101 *et seq.*, and the FMLA, 29 U.S.C. § 2601 *et seq.*

2. Venue is proper in the Eastern District of Pennsylvania as some or all of the events

complained of herein occurred in Northampton County, Pennsylvania.

3.    All conditions precedent to the institution of this suit have been fulfilled. As to the federal ADA claims, Plaintiff has invoked the procedure set forth in the ADA and has received a Notice of Right to Sue as required.  On July 28, 2015, Plaintiff filed a Charge of Discrimination with the EEOC, which was cross filed with the PHRC, against Lehigh alleging, *inter alia* disability-based employment discrimination, and retaliation.

4.    On May 10, 2016, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission.

5.    This action has been filed within ninety (90) days of receipt of said Notice.

6.    As to the FMLA claim and Pennsylvania common law claim, this action has been filed within two (2) years of the date Plaintiff was terminated by Lehigh.

## III. **PARTIES**

7.    Plaintiff Jonathan Pelter, is a twenty-seven (27) year old adult male citizen and resident of the Commonwealth of Pennsylvania.  Plaintiff, at all times pertinent hereto, was hired by Lehigh in August of 2013 as the Associate Director in the Office of Advancement.  Plaintiff remained employed at Lehigh until December 22, 2014.

8.    Lehigh is a private university organized under the laws of the Commonwealth of Pennsylvania with a principal place of business at 27 Memorial Drive West, Bethlehem, Pennsylvania.

9.    At all times relevant herein, Plaintiff was an "employee" as defined by the ADA, 42 U.S.C. § 12111(4), and is subject to the provisions of this Act.

10.    At all times relevant herein, Plaintiff was a "person" as defined the ADA, 42 U.S.C.

2

§ 12111(7), and is subject to the provisions of said Act.

11.     At all times relevant herein, Plaintiff was "disabled" as defined by the ADA, 42 U.S.C. § 12102(1), and is subject to the provisions of said Act.

12.     At all times relevant herein, Plaintiff was a "qualified individual" as defined by the ADA, 42 U.S.C. § 12111(8), and is subject to the provisions of said Act.

13.     At all times relevant herein, Lehigh was an "employer" as defined by the ADA, 42 U.S.C. § 12111(5), and is subject to the provisions of this Act.

14.     At all times relevant herein, Lehigh was a "person" as defined by the ADA, 42 U.S.C. § 12111(7), and is subject to the provisions of said Act.

15.     At all times relevant hereto, Lehigh acted by and/or failed to act by and through the conduct of their officers, managers, agents, and employees, all acting within the scope and course of their employment.

16.     At all times material hereto, Lehigh employed more than fifteen employees.

17.     At all times material hereto, Lehigh employed more than fifty employees within a seventy-five mile radius.

## IV.  CAUSES OF ACTION

18.     Plaintiff was hired by Lehigh in August of 2013 as the Associate Director in the Office of Advancement.

19.     At all times material hereto, Plaintiff performed his job in a proper and competent manner, was a dedicated and diligent employee, and had a good work record.

20.     At all times relevant hereto, Plaintiff suffered from a serious medical condition and disability as defined by the ADAAA, the identity of which is omitted from this Complaint because

3

of privacy concerns with medical diagnoses.

21.     Plaintiff's serious medical condition is a disability as that term is defined by the ADA, as amended by the ADAAA, because it substantially limited him in one or more major life activity, including but not limited to hearing, communicating, interacting with others, and working.

22.     Plaintiff provided Lehigh with express notice of this serious medical condition and disability at the time of his hire.

23.     Plaintiff also requested a reasonable accommodation in the form of occasionally leaving work to pick up medical supplies for his serious medical condition and disability.

24.     Lehigh purported to grant this requested accommodation.

25.     Additionally, on or about September 14, 2014, Plaintiff suffered a workplace injury.

26.     Upon suffering this workplace injury, Plaintiff immediately provided Lehigh with express notice of this injury.

27.     On or about September 19, 2014, Plaintiff's aforementioned workplace injury was diagnosed as a second serious medical condition and disability as defined by the ADAAA, the identity of which is omitted from this Complaint because of privacy concerns with medical diagnoses.

28.     Plaintiff's second serious medical condition is a disability as that term is defined by the ADA, as amended by the ADAAA, because it substantially limited him in one or more major life activity, including but not limited to hearing, communicating, thinking, seeing, concentrating, and working.

29.     Upon learning of this diagnosis, Plaintiff immediately provided Lehigh with express notice of this second serious medical condition and disability and requested ADA/FMLA

4

protected leave.

30.     Lehigh purported to grant this request for leave.

31.     At this time, Plaintiff also filed and qualified for Workers' Compensation as this serious medical condition and disability occurred at work for Lehigh.

32.     On or about October 13, 2014, Plaintiff was medically cleared to return to work and did not request any further reasonable accommodations at that time.

33.     However, because of the continuation of the symptoms of his serious medical conditions and disabilities, Plaintiff requested the following reasonable accommodations on or about December 5, 2014:

> a.     Limited computer use;
>
> b.     Additional time to process information;
>
> c.     Limited busy/superfluous work;
>
> d.     Written step-by-step instructions for his work; and
>
> e.     Intermittent leave for treatment.

34.     Lehigh again purported to grant this request.

35.     However, Lehigh did not provide these accommodations, nor did it alter Plaintiff's job duties in any way, nor engage in the ADA mandated interactive process.

36.     Plaintiff's supervisor would also mock Plaintiff if he struggled to perform his job duties due to the lack of accommodation.

37.     Although Lehigh purported to grant these requests for both leave and reasonable accommodations, Lehigh terminated Plaintiff's employment on or about December 22, 2014 because Plaintiff's supervisor allegedly "lost confidence" in his ability to meet the requirements

5

of his position.

38.     However, Plaintiff never received any poor or negative performance reviews or any verbal or written warnings, and in fact the only changes in his job was that he now required accommodation and had filed a claim for Workers Compensation

39.     Lehigh's reason for termination was manufactured and pretextual in order to conceal the disability-based animus for discrimination and retaliation, to avoid providing reasonable accommodations and/or engage in the ADA mandated interactive process, and/or filing for Workers' Compensation.

40.     Plaintiff believes and therefore avers that the termination of his employment is a violation of the ADA due to the aforementioned conduct.

41.     Lehigh was responsible and liable for the conduct of its principals, employees, and agents for subjecting Plaintiff to a discriminatory employment and work environment, and for failing to protect Plaintiff from unlawful conduct.

42.     As a direct result of the aforementioned discriminatory and retaliatory conduct by Lehigh's supervisory employees, Plaintiff was deprived of his employment with Lehigh.

43.     As a direct result of Lehigh's conduct, Plaintiff has been irrevocably damaged.

44.     As a direct result of Lehigh's conduct, Plaintiff has suffered and continues to suffer severe emotional, psychological, and physical distress.

45.     As a direct result of Lehigh's conduct, Plaintiff's career, professional, and job opportunities have been impaired and damaged and he has suffered a loss of earnings and earning capacity.

6

## COUNT I
## PLAINTIFF v. LEHIGH
## VIOLATION OF THE ADA

46.     Paragraphs 1 through 45 inclusive, are incorporated by reference as if fully set forth at length herein.

47.     At all times relevant herein, Plaintiff was disabled, regarded as and/or perceived as disabled by Lehigh.

48.     Plaintiff was able to perform all of the essential functions of his position with or without accommodation.

49.     By reason of the conduct set forth above, Lehigh intentionally, knowingly, and purposefully violated the ADA by invidiously discriminating against the qualified Plaintiff who had a disability.

50.     By its actions and inactions through its agents, servants, and representatives, Lehigh created, maintained, and permitted to be maintained a work environment, which was hostile to persons such as Plaintiff who have a record of or are perceived as having a disability.

51.     As a direct result of Plaintiff's disability and/or request for accommodation, Lehigh terminated Plaintiff's employment.

52.     Lehigh's aforesaid actions were outrageous, egregious, malicious, intentional, willful, wanton, and in reckless disregard of Plaintiff's rights.

## COUNT II
## PLAINTIFF v. LEHIGH
## RETALIATION UNDER THE ADA

53.     Paragraphs 1 through 52 inclusive, are incorporated by reference as if fully set forth at length herein.

7

54.     By the acts complained of, Lehigh has retaliated against Plaintiff for exercising his rights under the ADA, namely requesting and/or using a reasonable accommodation, in violation of the Act.

55.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Lehigh's retaliatory practices unless and until this Court grants relief.

**COUNT III**
**PLAINTIFF v. LEHIGH**
**VIOLATION OF THE FMLA**

56.     Paragraphs 1 through 55 inclusive, are incorporated by reference as if fully set forth at length herein.

57.     Lehigh's actions as set forth above constitute a violation of the Family and Medical Leave Act.

58.     The willful violation of Plaintiff's rights under the Act were done in the absence of good faith and reasonable grounds and this Court must award Plaintiff liquidated damages pursuant to 29 U.S.C. §2617(a).

**COUNT VI**
**PLAINTIFF v. LEHIGH**
**WRONGFUL DISCHARGE**

59.     Preceding Paragraphs 1 through 58 inclusive, are incorporated by reference as if fully set forth at length herein.

60.     All of the foregoing actions by Defendants against Plaintiff were against the public policy of the Commonwealth of Pennsylvania, which encourages employee injured at work to file for Workers' Compensation and protects employees who file for Workers' Compensation against

8

a retaliatory termination for doing so.

61.     Pennsylvania has a very strong policy protecting employees who file for Workers' Compensation against a retaliatory termination for doing so. *See* Shick v. Shirey, 552 Pa. 590, 716 A.2d 1231 (Pa. 1998).

62.     Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay and other economic loss as may be available under the law and consistent with the evidence presented at trial, and interest due thereon.

## STATEMENT OF FACTS JUSTIFYING
## THE IMPOSITION OF PUNITIVE AND LIQUIDATED DAMAGES

63.     Paragraphs 1 through 62 inclusive, are incorporated by reference as if fully set forth at length herein.

64.     At all times relevant hereto, Lehigh knew or should have known of the pattern of conduct in which Harris had engaged and in which he continued to engage.

65.     At all times relevant hereto, Lehigh knew or should have known that the aforesaid pattern of conduct was in violation of law and Lehigh's stated policies and terms of employment.

66.     Despite such knowledge, Lehigh's failed to adequately investigate, discipline, or discharges its agents, servants, and representatives who discriminated against Plaintiff and created a hostile work environment.

67.     Lehigh failed and refused to properly protest and support Plaintiff and in fact subjected or permitted her to be subjected to discrimination.

68.     At all times relevant hereto, Lehigh, acted willfully, wantonly, recklessly, and with an outrageous disregard and indifference to the rights, safety, and well-being of Plaintiff and other

employees similarly situated.

## V. **PRAYER FOR RELIEF**

69.     Paragraphs 1 through 68 inclusive, are incorporated by reference as if fully set forth at length herein.

WHEREFORE, Plaintiff respectfully requests the Court to:

   a.  Exercise jurisdiction over his claim;

   b.  Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

   c.  Award compensatory damages, including but not limited to reimbursement of all medical and psychological expenses; back pay and future earnings and loss of earning capacity in the amount of wages and benefits; damages for Plaintiff's mental, psychological, and emotional injuries, anguish, humiliation, anxiety, physical and mental pain, and suffering and loss of life's pleasures, all of which may be permanent, together with interest, resulting from Chubb's discriminatory and unlawful conduct;

   d.  Reinstate Plaintiff to his former position together with back pay and compensatory damages;

   e.  Award punitive and/or liquidated damages as may be permitted under law;

   f.  Award Plaintiff attorneys' fees and costs; and

   g.  Grant such other relief, as the Court deems just and equitable.

10

## VI. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

HAHALIS & KOUNOUPIS, P.C.

By:_____
GEORGE S. KOUNOUPIS, ESQUIRE
MICHAEL E. ALPAGO, ESQUIRE
20 East Broad Street
Bethlehem, PA  18018
(610) 865-2608
Attorneys for Plaintiff

Date:  August 9, 2016

11